LONG CORPORATION, Petitioner, *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, Respondent; SEGUNDO MAS, Intervener.

No. 1874.   Argued December 1, 1950.—Decided January 19, 1951.

*Luis Blanco Lugo* for petitioner.   *Eladio Rodríguez Otero* and *Marcos A. Ramírez,* for intervener, plaintiff in the main action.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

Plaintiff in the main suit, the intervener herein, required the defendant to answer an interrogatory wherein, among other things, he requested the following information:

"The names of the witnesses, without exception to be used by the defendant at the trial of this case, with their respective

addresses, and the facts which it intends to prove by the testimony of each witness."

The defendant answered the interrogatory save with respect to the question copied above, to which it objected on the ground that under the Rules of Civil Procedure the party requested to answer an interrogatory is not compelled under Rules 26(b) and 33 to furnish the identity and location of the witnesses whom he proposes to use nor the facts which he intends to prove by each witness; that its obligation under said Rules in this connection is circumscribed to furnishing the names and addresses of persons having knowledge of relevant facts.

The lower court overruled the objection and ordered the defendant to answer the question referred to. The reconsideration sought by the defendant having been denied, it brought the present action raising the following questions: (a) whether the defendant is compelled to furnish the names and addresses of the witnesses whom it proposes to use; and (b) whether it is bound to express what it intends to prove by each witness.

I

The first of the questions raised is not new in this jurisdiction. In *Water Resources Authority* v. *District Court*, 66 P.R.R. 796, 803, we held that a party is entitled to be furnished by the adverse party with a list containing the names and addresses of the witnesses whom he proposes to use. This obligation arises from the provision of Rule 26(b) to the effect that the party requested therefor shall furnish the identity and location of persons having knowledge of relevant facts. The decisions on this question are divided in the United States. When we chose the Rule stated in *Water Resources Authority* v. *District Court, supra*, we followed the construction given by the textwriter Moore to Rule 26(b) in connection with Rule 33; 2 Moore's Fed. Practice pp. 2474-

75 and 2620, which doctrine is set forth more precisely in the second edition of the aforesaid work, Vol. 4, p. 1075-1081.

Of course, the party furnishing the list of his witnesses is not bound to use them all, if in his judgment he can dispense with the testimony of one or any of them, provided that he gives timely notice to the other party, so that the latter, if he deems it convenient, may in his turn call them as his witnesses. Under such circumstances there does not arise the presumption that had said witnesses been called by the party who renounced their testimony, such testimony would have been adverse to him, simply because said witnesses could be called to testify by the other party. Likewise, the party furnishing the list is not precluded from using other witnesses who do not appear therein if their existence or the relevancy of their testimony is discovered after the interrogatory has been answered and provided that the adverse party is timely notified of the intention to use them, or even without such notice, when the circumstances justify it.

## II

█ The second question is new in this jurisdiction but Moore himself, despite maintaining, as we have seen, the right of a party to be furnished with the identity and location of the witnesses whom the adverse party proposes to use, does not go any further regarding this matter and believes, correctly, we think, that it is not fair to require a party to inform what he proposes to prove by each one of said witnesses. As expressed by Judge Taft when he was a Judge in Ohio, witnesses do not belong to one party more than to the other, but this does not mean that the party proposing to use a certain witness is compelled to tell the adverse party which part of his case he intends to prove by his testimony. Moore's Fed. Practice, *supra.* To oblige a party to furnish such information would invade the privacy of the attorney's plan in prosecuting his case. *Cf. Hickman* v. *Taylor*, 329 U. S. 495.

Therefore, the order appealed from should be set aside only insofar as it orders the defendant, petitioner herein, to inform the plaintiff of the facts which it proposes to prove by each of its witnesses.

The record will be returned to the lower court for further proceedings consistent with this opinion.

Mr. Justice Snyder did not participate herein.